IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | | |
|---|---|---|
| RICKEY HUNSAKER, <br> on behalf of himself individually and <br> all other similarly situated employees, <br><br> Plaintiffs, <br><br> vs. <br><br> CUSTOM WOOD PRODUCTS, <br> INC. d/b/a PROFILE CABINET <br> & DESIGN <br> Serve: Registered Agent <br> Thompson Price <br> 639 Spirit Valley Central Drive <br> Chesterfield, MO 63005 <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Case No. |

## COMPLAINT

Plaintiff Rickey Hunsaker ("Hunsaker" or "Plaintiff"), on behalf of himself, a class, and a collective of all other similarly situated individuals, for his Complaint against Defendant Custom Wood Products, Inc. d/b/a Profile Cabinet & Design ("Profile"), states as follows:

## INTRODUCTION

1. Plaintiff brings this action in his individual capacity and on behalf of a class and collective of other similarly situated individuals.

2. Plaintiff's class and collective claims relate to Profile's improper and unlawful payment of wages to Plaintiff and other similarly situated individuals.

3. Specifically, Profile paid its employees improperly and unlawfully in at least two ways: (1) Profile rounded its hourly employees' time <u>up</u> at the beginning of a shift and rounded their time <u>down</u> at the end of the shift; and (2) Profile automatically deducted a thirty-minute lunch

1

period from its hourly employees' time each day, even if those employees did not take a break for lunch or such a break in general.

4. Plaintiff, on his own behalf and others similarly situated, brings his collective action under the Fair Labor Standards Act ("FLSA") to recover unpaid wages and overtime compensation owed to him and other similarly situated workers who are and were employed by Defendant.

5. Plaintiff, on his own behalf and on behalf of others similarly situated, brings his Rule 23 class action under the Missouri Minimum Wage Law ("MMWL") and Missouri's common law to recover unpaid wages and overtime compensation owed to him and other similarly situated workers who are and were employed by Defendant.

6. Additionally, Plaintiff's individual claims arise in connection with Defendant's wrongful and unlawful termination of his employment in April 2022, a couple weeks after he sustained a foot injury while working for Defendant.

## PARTIES, JURISDICTION, AND VENUE

7. Hunsaker is an individual residing in Missouri, and Profile employed Hunsaker in Missouri.

8. Profile is a corporation organized and existing under the laws of the State of Kansas, with its principal place of business located in Kansas City, Missouri. It can be served through its registered agent, Thompson Price, 639 Spirit Valley Central Drive, Chesterfield, Missouri, 63005.

9. Plaintiff's collective and class claims, respectively, are brought pursuant to the FLSA (29 U.S.C. § 201, *et seq.*), the MMWL (Mo. Rev. Stat. § 290.500, *et seq.*), and Missouri's common law.

10. The Court has jurisdiction over Plaintiff's collective and class claims, respectively, under 29 U.S.C. § 216, 28 U.S.C. § 1331, and 28 U.S.C. § 1367.

11. Plaintiff's individual claim arises under Missouri's workers' compensation retaliation law, Mo. Rev. Stat. § 285.780.

12. The Court has jurisdiction over Plaintiff's individual claim under 28 U.S.C. § 1367.

13. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claims herein occurred in the Western District of Missouri.

## FACTUAL BACKGROUND

### *Allegations Specific to Plaintiff Rickey Hunsaker*

14. Plaintiff Rickey Hunsaker was, from January 2022 through April 2022, an hourly, non-exempt, employee of the Defendant.

15. In early April 2022, Hunsaker suffered a foot injury while working for Defendant, after an approximately 150-pound cabinet fell on his foot.

16. After the injury, Hunsaker went to see Defendant's workers' compensation doctor, who advised Hunsaker that he could return to work on limited duty.

17. Approximately a week later, even though Hunsaker was still in pain from the injury and unable to put his weight on the foot in question, the workers' compensation doctor advised Hunsaker that he could return to full duty.

18. When Hunsaker advised Defendant that he could not return to full duty, Defendant told Hunsaker that he would be removed from working in the field and would instead be required to work on his feet on the plant floor.

19. Hunsaker told Defendant that he could not work on his feet because of the pain, and Defendant fired Hunsaker from his position.

20. Hunsaker has suffered damages as a direct and proximate result of Defendant's termination of his employment, including lost wages and garden-variety emotional distress.

### *Collective and Class Allegations*

21. Each of Defendant's hourly, non-exempt employees, including Plaintiff, has (or had) a scheduled time to start his or her workday.

22. Defendant's payroll policies permitted hourly, non-exempt employees to clock in before their respective shifts started.

23. Plaintiff, for example, was typically scheduled to start his workday at 6:30 a.m.

24. Defendant permitted him to clock in early for his shift, assuming he arrived early.

25. The same was and is true for all of Defendant's other hourly, non-exempt, current or former employees.

26. Additionally, Defendant's payroll policies utilized a methodology of counting time known as "rounding," and Defendant rounded its hourly, non-exempt employees' time—at the beginning of a shift—to the next ten-minute increment.

27. For example, if Hunsaker clocked in for work at 6:25 a.m., Profile started paying him at 6:30 a.m.; if Hunsaker showed up at 6:32 a.m., Profile began paying him at 6:40 a.m.

28. At the end of a shift, however, Profile unlawfully did not round <u>up</u> its hourly, non-exempt employees' time.

29. Rather, Profile rounded its hourly, non-exempt employees' time <u>down</u> at the end of a shift.

30. For example, if Hunsaker clocked out at 2:57 p.m., Profile rounded his time <u>down</u> as if he had left at 2:50 p.m., instead of rounding his time up to 3:00 p.m.

31. The same was and is true for Defendant's other hourly, non-exempt, current or former employees.

32. Additionally, Defendant's payroll system automatically deducted a thirty-minute lunch break from each of Defendant's hourly, non-exempt employees' time each day, even if the employees at issue did not take a meal or lunch or other break of that duration.

33. For example, if Hunsaker was working and he did not take a lunch break (which happened quite regularly), or if he worked through his lunch, his paycheck would nonetheless reflect a thirty (30) minute deduction as if he had taken the lunch break.

34. The same was and is true for all of Defendant's other hourly, non-exempt current or former employees.

35. Plaintiff brings Count I as an opt-in collective action pursuant to 29 U.S.C. § 216(b) and seeks relief, individually and on a collective basis, from Defendant's practices of requiring work with no pay and automatically deducting lunch breaks from its employees' time. The class for the FLSA claim is defined as:

> All persons working as hourly, non-exempt employees for Custom Wood Products, Inc. d/b/a Profile Cabinet & Design from November 9, 2019 through the present.

36. Plaintiff brings Count II as a class action pursuant to Fed. R. Civ. P. 23 (Rule 23), on his own behalf and as the Class Representative on behalf of the following:

> All persons working as hourly, non-exempt employees for Custom Wood Products, Inc. d/b/a Profile Cabinet & Design from November 9, 2019 through the present.

37. Plaintiff brings Count III as a class action pursuant to Rule 23, on his own behalf and as the Class Representative on behalf of the following:

> All persons working as hourly, non-exempt employees for Custom Wood Products, Inc. d/b/a Profile Cabinet & Design from November 9, 2017 through the present.

38. Plaintiff's state law claims under Missouri common law and the MMWL satisfy the numerosity, commonality, typicality, adequacy, and superiority requirements of a class action pursuant to Rule 23.

39. These classes are believed to number in the hundreds of persons, and as a result, joinder of all class members in a single action is impracticable. Additionally, class members may be informed of the pendency of this class action through direct mail.

40. There are questions of fact and law common to the class that, under Missouri state law, predominate over any questions affecting only individual members, including but not limited to, the following:

   a. Whether Profile violated applicable law when it failed to pay its hourly, non-exempt employees for all of the hours they worked;

   b. Whether Profile had a policy and practice of failing to compensate its hourly, non-exempt employees for all of the hours they worked;

   c. Whether Profile violated applicable law by rounding up its employees' time to the next ten-minute increment at the start of a shift and then rounding the employees' time down to the prior ten-minute increment at the end of a shift;

   d. Whether Profile violated applicable law by automatically deducting a thirty-minute lunch break from its employees' time each workday;

   e. Whether Profile failed to pay its hourly, non-exempt employees at an effective wage rate of at least the applicable minimum wage for all hours worked;

   f. Whether Profile failed to pay its hourly, non-exempt employees an overtime premium for work performed in excess of 40 hours in a workweek; and

   g. Whether Profile breached its contracts with its hourly, non-exempt employees by not paying said employees per the terms of its contracts with the employees.

41. The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency,

economy, efficiency, fairness, and equity, to other available methods for the fair and efficient adjudication of the state law claims.

42. Plaintiff's claims under federal and Missouri state law are typical of those of the class in that the class members have been employed in the same or similar positions as Plaintiff and were subject to the same or similar unlawful practices as Plaintiff.

43. A class action is the appropriate method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

44. Plaintiff is an adequate representative of the Missouri class because he is a member of the class and his interests do not conflict with the interests of the members of the class he seeks to represent. The interests of the members of the class will be fairly and adequately protected by Plaintiff and undersigned counsel. Counsel are experienced in the litigation of civil matters, including the prosecution of complex wage and hour, employment, and class action cases.

45. Maintenance of this action as a class action is a fair and efficient method for adjudication of this controversy. It would be impracticable and undesirable for each member of the class who suffered harm to bring a separate action. In addition, the maintenance of separate actions would place a substantial and unnecessary burden on the courts and could result in inconsistent adjudications, while a single class action can determine, with judicial economy, the rights of all class members.

## COUNT I – VIOLATION OF THE FLSA
## (BROUGHT AGAINST DEFENDANT BY PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

46. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

47. At all times material herein, Plaintiff had been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201, *et seq*.

48. The FLSA regulates, among other things, the payment of wages and overtime pay, by employers engaged in interstate commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

49. Defendant is subject to the minimum wage and overtime pay requirements of the FLSA because it is an enterprise engaged in interstate commerce and its employees are engaged in commerce.

50. Defendant has violated the FLSA by failing to properly compensate its hourly, non-exempt employees for all their hours worked, by failing to pay them minimum wage, and by failing to properly pay them overtime wages.

51. Plaintiff and all other similarly situated employees—which Plaintiff considers to be all persons working as hourly, non-exempt employees for Defendant from November 9, 2019 through the present—are victims of a common compensation policy.

52. Plaintiff and all other similarly situated employees are entitled to damages equal to the amount of uncompensated time that they worked for Profile, as well as the mandated minimum wage and overtime premium pay, within the three years preceding the filing of this Complaint,

plus periods of equitable tolling, because Defendant acted willfully and knew or showed reckless disregard in its violation of the FLSA's requirements.

53. Defendant has acted neither in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA. As a result, Plaintiff and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid wages as codified at 29 U.S.C. § 216(b). Alternatively, should the Court find Defendant acted in good faith in failing to pay its employees minimum wage and overtime compensation, Plaintiff and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

54. As a result of these violations of the FLSA's minimum wage and overtime pay provisions, compensation has been unlawfully withheld by Defendant from Plaintiff and all similarly situated employees. Accordingly, pursuant to 29 U.S.C. § 216(b), Defendant is liable for the unpaid minimum wages and overtime premium pay along with an additional amount as liquidated damages, pre-judgment and post-judgment interest, reasonable attorneys' fees, expenses, and costs of this action.

### COUNT II – VIOLATION OF MISSOURI'S MINIMUM WAGE LAW
### (BROUGHT AGAINST DEFENDANT BY PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)

55. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

56. Defendant violated Missouri law, in pertinent part, by failing to properly compensate its hourly, non-exempt employees for all their hours worked, by failing to pay them minimum wage, and by failing to properly pay them overtime wages.

57. Further, Plaintiff and other similarly situated employees are entitled to recover the full amount of their unpaid wages and an additional amount equal to twice the unpaid wages as liquidated damages, attorneys' fees, and costs, pursuant to Mo. Rev. Stat. § 290.527.

**COUNT III – BREACH OF CONTRACT**
**(BROUGHT AGAINST DEFENDANT BY PLAINTIFF, INDIVIDUALLY, AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED)**

58. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

59. Defendant entered into contracts with Plaintiff and its other hourly, non-exempt employees to pay them for all of their hours worked at agreed-upon rates.

60. Defendant has breached its contracts with Plaintiff and its other hourly, non-exempt employees by failing to pay them for all the hours that the employees actually worked.

61. Plaintiff has been damaged as a result of Defendant's breach of contract in an amount to be proven at trial.

WHEREFORE, for Plaintiff's class and collective claims set forth in Counts I through III, Plaintiff and all other similarly situated employees demand judgment against Defendant and request that this Court:

(a) issue notice to all similarly situated employees, current or former, of Defendant informing them of their right to file consents to join the FLSA portion of this action;

(b) certify the state law claims set forth in Count II-III as a class action pursuant to Rule 23;

(c) declare Defendant's rounding policies, automatic lunch deduction policies, and other improper payroll policies illegal under the FLSA and the MMWL;

(d) award Plaintiff and all other similarly situated employees their lost wages, minimum wages, overtime wages, and liquidated/treble damages under 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527;

(e) award Plaintiff and all other similarly situated employees pre-judgment and post-judgment interest as provided by law;

(f) award Plaintiff and all other similarly situated employees attorneys' fees, expenses, and costs, as allowed by Section 216(b) of the FLSA and under Mo. Rev. Stat. § 290.527; and

(g) award Plaintiff and all other similarly situated employees such other relief as the Court deems just and proper in the circumstances.

### COUNT IV – WORKERS' COMPENSATION RETALIATION LAW
### (MO. REV. STAT. § 287.780)
**Plaintiff Rickey Hunsaker – Individual Claim Against Defendant**

62. Plaintiff incorporates the allegations set forth in the preceding paragraphs as if fully set forth herein.

63. Defendant discharged Plaintiff from employment within a couple weeks of Plaintiff injuring his foot on the job.

64. Prior to his termination, Plaintiff's performance had been exemplary.

65. Defendant was aware that Plaintiff, after being injured, was exercising his rights under Missouri's workers' compensation laws.

66. The timing and circumstances of Plaintiff's termination, occurring within two weeks of his injury, gives rise to an inference that Plaintiff's injury and/or exercise of his rights under Missouri's workers' compensation laws was the motivating factor in the discharge.

67. As a direct and proximate result of Defendant's actions, Plaintiff has been deprived of income, as well as other monetary and non-monetary benefits.

11

Case 4:22-cv-00740-WBG   Document 1   Filed 11/10/22   Page 11 of 12

68. As a direct and proximate result of Defendant's actions, Plaintiff has suffered humiliation, embarrassment, emotional distress, mental anguish, and pain and suffering, such that he is entitled to an award of compensatory damages.

WHEREFORE, Plaintiff Rickey Hunsaker respectfully requests that the Court enter judgment in his favor and against Defendant in an amount that will be proven at trial, and for such other relief as the Court deems just and proper in the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury for the foregoing causes of action.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff hereby requests the trial be held in Kansas City, Missouri.

## CIVIL COVER SHEET

Attached as **Exhibit A** is a copy of the Civil Cover Sheet.

        **HKM EMPLOYMENT ATTORNEYS LLP**

By: */s/ Brad K. Thoenen*
Brad K. Thoenen, MO 59778
bthoenen@hkm.com
John J. Ziegelmeyer III, MO 59042
jziegelmeyer@hkm.com
Kevin A. Todd, MO 73048
ktodd@hkm.com
Ethan A. Crockett, MO 74921
ecrockett@hkm.com
1501 Westport Road
Kansas City, Missouri 64111
816.875.9339

ATTORNEYS FOR PLAINTIFF