IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| RICKEY HUNSAKER and DARYL PATTON, o/b/o themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>QWP HOLDINGS, LLC d/b/a PROFILE CABINET & DESIGN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) Case No. 22-00740-CV-W-WBG<br>)<br>)<br>)<br>)<br>) |

**ORDER AND OPINION DENYING PLAINTIFFS' MOTION
FOR CONDITIONAL COLLECTIVE ACTION CERTIFICATION**

Pending is Plaintiffs' Motion for Conditional Collective Action Certification. Doc. 24. For the following reasons, Plaintiffs' motion is **DENIED**.

## I.     BACKGROUND

Plaintiffs Rickey Hunsaker and Daryl Patton allege Defendant QWP Holdings, LLC, d/b/a Profile Cabinet & Design ("Profile") violated the Fair Labor Standards Act ("FLSA") in two ways. Doc. 13.[1] First, Plaintiffs aver Profile improperly rounded up employees' time to the next ten-minute increment at the beginning of shifts and rounded down employees' time to the previous ten-minute increment at the end of shifts. *Id*. at 5-6.[2] Second, Plaintiffs contend Profile deducted a thirty-minute lunch break from employees' time regardless of whether an employee took a lunch break. *Id*. at 6.

---

[1] Plaintiffs' other claims are not relevant to the pending motion.

[2] For example, Hunsaker alleges if he clocked in at 6:32 a.m., Profile rounded his time up to 6:40 a.m. Doc. 13 at 5. If he clocked out at 2:57 p.m., Profile rounded his time down to 2:50 p.m. *Id*. at 5-6.

Now pending is Plaintiffs' motion for conditional certification of collective action. Doc. 24. They ask the Court to conditionally certify a "collective action of all persons working as hourly, non-exempt employees for Profile from November 9, 2019 through September 1, 2022." Docs. 24-25. In support of their motion, Plaintiffs rely on their Third Amended Complaint, their declarations, and an excerpt from Patton's timesheets. Doc. 25 at 4-6; Docs. 25-1, 25-2, 25-3.

Profile opposes Plaintiffs' motion. Doc. 30. It argues, *inter alia*, Plaintiffs' declarations are not based on personal knowledge, and they fail to set forth substantial evidence that putative collective action members were victims of the same practice. Doc. 30 at 1-7. Profile also presents evidence to refute Plaintiffs' argument for conditional certification. *Id*. at 7-9; Docs. 30-1, 30-2, 30-3.

In their reply, Plaintiffs argue they are not required "to prove their case" at this stage, and they have shown "all that is required for conditional certification." Doc. 36 at 1-2. Plaintiffs claim they have set forth personal knowledge of their claims, and "it is irrelevant" that they do not know how other employees were paid. *Id*. at 2. They contend they will gain knowledge about other employees and Profile's policies through discovery. *Id*. at 3.

As Plaintiffs' motion is now fully briefed, the Court issues its decision.[3]

## II. STANDARD

An employer who violates the FLSA "shall be liable to the employee or employees affected in the amount of their unpaid minimum wages . . . and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b). An action to recover from the employer may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly

---

[3] Pursuant to 28 U.S.C. § 636(c), the parties consented to the undersigned's jurisdiction. Doc. 16.

situated." *Id*. Other employees may join the action if they provide written consent to become parties, and their consent forms are filed with the Court. *Id*.

Although the Eighth Circuit has not adopted a standard for determining whether potential opt-in plaintiffs are "similarly situated" under 29 U.S.C. § 216(b), this Court frequently utilizes a two-step approach in matters where the parties have engaged in limited discovery. *See e.g.*, *Lockett v. Pinnacle Ent., Inc.*, No. 19-00358-CV-W-GAF, 2021 WL 960424, at *4-5 (W.D. Mo. Mar. 12. 2021) (citations omitted); *Kautsch v. Premier Commc'ns*, 504 F. Supp. 2d 685, 688-689 (W.D. Mo. 2007) (citations omitted). For the first step, the plaintiffs move for conditional certification of a collective action for notice purposes. *See Rios-Gutierrez v. Briggs Traditional Turf Farm, Inc.*, 585 F. Supp. 3d 1209, 1212 (W.D. Mo. 2022) (citation omitted). At this early stage, the Court applies a lenient standard to determine whether others are similarly situated to the named plaintiffs. *See Brooks v. C.H. Robinson Int'l, Inc.*, No. 16-00939-CV-W-BP, 2018 WL 5818377, at *3 (W.D. Mo. July 6, 2018) (citation omitted).

"Plaintiffs can meet their burden . . . by making a modest factual showing sufficient to demonstrate that they and potential plaintiffs were all victims of a common policy or plan that violated the law." *Id*. (citation omitted). "This showing need only establish a colorable basis for their allegations that there are others who are similarly situated." *Id*. (citation omitted). To demonstrate a colorable basis, the plaintiffs must come forward with "something more than the mere averments in the complaint." *Id.* (internal quotation marks and citation omitted). Although the standard at this stage has been described as lenient, it is "not invisible, and assertions that are unsupported or not based on personal knowledge will not show that employees are similarly situated." *Id.* (citations omitted). If the Court conditionally certifies the collective action, potential members are given notice and an opportunity to "opt-in." *Kautsch*, 504 F. Supp. 2d at 688.

At the second step, the defendant is allowed to move for decertification of the collective action. *Id*. This typically occurs after discovery has closed. *Id*. As a result, "the Court has much more information and is able to make a more informed decision." *Id*. (citation omitted).

## III.     DISCUSSION

Plaintiffs move for conditional certification of a collective action of "all persons working as hourly, non-exempt employees for Profile from November 9, 2019 through September 1, 2022." Doc. 25 at 2. They claim they are similarly situated to other hourly, non-exempt employees with respect to the rounding policy and the automatic thirty-minute deduction. *See* Doc. 13 at 1-2, 9-12. In support of the pending motion, Plaintiffs submit their declarations. Docs. 25-1, 25-2.

### A.     **Plaintiffs' Declarations**

Hunsaker maintains Profile rounded up the time he clocked in to the next ten-minute increment but rounded down the time he clocked out to the previous ten-minute increment. Doc. 25-1. He also states Profile deducted thirty minutes from each shift even though he ate lunch in less than thirty minutes. *Id*. Hunsaker "understood" his lunch break practice was "common among the hourly employees who worked at Profile during [his] tenure." *Id*. Hunsaker does not, however, state whether he has knowledge as to how other workers were paid (or not paid) for similar lunch break practices.

Patton represents Profile automatically deducted thirty minutes per shift for a meal break. Doc. 25-2 at 1. He "usually" took a lunch in the middle of his shift, but he took "typically less than 30 minutes." *Id*. Similar to Hunsaker, Patton "understood" his lunch break practice was "common among the hourly employees who worked at Profile during [his] tenure." *Id*. Like Hunsaker, Patton does not state he has any knowledge as to how coworkers may have been paid (or not paid) for similar lunch breaks.

## B. Rounding Policy

Plaintiffs' declarations do not corroborate their allegations that they are similarly situated to hourly, non-exempt employees with respect to the rounding policy. While Hunsaker claims Profile's rounding policy impacted him, Patton does not aver the rounding policy applied to him. *See* Docs. 25-1, 25-2. In fact, a review of a time card report submitted by Patton reveals no rounding of the time he clocked in or clocked out. *See* Doc. 25-3 at 1. Thus, Hunsaker and Patton are not even similarly situated to one another with regard to the rounding policy.

Moreover, Hunsaker does not attest to other Profile employees being subjected to the same rounding policy. *See* Doc. 25-2. Hunsaker's declaration that he alone was the victim of the rounding policy does not support Plaintiffs' assertion that putative collective action members were victims of the same policy. *See Settles v. Gen. Elec.*, No. 12-00602-CV-W-BP, 2013 WL 12143084, at *4 (W.D. Mo. Feb. 19, 2013) (observing that although the conditional certification standard is lenient, "it is not invisible," and "unsupported assertions" do not satisfy the standard). Accordingly, the Court **DENIES** Plaintiffs' motion to conditionally certify a collective action with regard to the rounding policy.

## C. Automatic Thirty-Minute Deduction

Hunsaker and Patton both depict their personal experiences with thirty minutes being automatically deducted each shift. *See* Docs. 25-1, 25-2. And a review of Patton's time card report reveals thirty minutes were automatically deducted from certain shifts. *See* Doc. 25-3. Both Plaintiffs declare they "understood" the thirty-minute automatic deduction was "common among the hourly employees who worked at Profile." Docs. 25-1, 25-2. Neither Plaintiff, however, provides a sufficient factual showing that they and potential plaintiffs are all victims of the same practice. *See id.*

5
Case 4:22-cv-00740-WBG   Document 42   Filed 08/15/23   Page 5 of 7

To succeed on their motion for conditional certification, Plaintiffs cannot rely solely on the averments in their complaint, unsupported assertions, or statements not based on personal knowledge. *See Brooks*, 2018 WL 5818377, at *4; *Settles*, 2013 WL 12143084, at *4. Rather, they must present some evidence demonstrating the collective action members are "similar in important respects, most notably by demonstrating they are subjected to similar policies or circumstances." *Uwaeke v. Swope Cmty. Enters., Inc.*, No. 12-01415-CV-W-ODS, 2013 WL 3467062, at *2 (W.D. Mo. July 10, 2013) (citations omitted); *see also Young v. Cerner Corp.*, 503 F. Supp. 2d 1226, 1229 (W.D. Mo. 2007) (citations omitted).[4] Here, Plaintiffs rely on what they "understood" a lunch break practice to be. *See* Docs. 25-1, 25-2. They do not provide any support for their understanding. *See id*. Setting forth "vague," unsupported statements does not satisfy the conditional certification requirement. *See Settles*, 2013 WL 12143084, at *4.

Further, Plaintiffs aver their putative collective actions "are believed to number in the hundreds of persons." Doc. 13 at 7. But the pending motion does not address, among other things, whether these other individuals worked in the same location, held the same or similar jobs, and/or used the same timekeeping system. And the declarations do not describe Plaintiffs' personal knowledge that these other employees were subjected to the same practice. *See Brooks*, 2018 WL 5818377, at *4. Because they provide no support for their allegations, Plaintiffs fail to establish a colorable basis that others similarly situated to them were the victims of the automatic deduction they experienced. Thus, the Court **DENIES** Plaintiffs' motion to conditionally certify a collective action with regard to the automatic thirty-minute deduction practice.

---

[4] *Contra Carden v. Scholastic Book Clubs, Inc.*, No. 10-01112-CV-W-NKL, 2011 WL 2680769, at *3 (W.D. Mo. July 8, 2011) (finding the plaintiff's submission of "eleven sworn statements, an internal Scholastic memo, and Scholastic's response to her interrogatories" were sufficient to establish a colorable basis of her claim that she and putative collective action members were victims of a common policy for improperly compensating overtime hours worked).

## IV. CONCLUSION

For the foregoing reasons, the Court **DENIES** Plaintiffs' Motion for Conditional Collective Action Certification. As set forth in the Court's Interim Scheduling Order (Doc. 19), the parties shall jointly submit an updated proposed scheduling order within **fourteen days** of this Order.

**IT IS SO ORDERED.**

DATE: August 15, 2023

/s/ W. Brian Gaddy
W. BRIAN GADDY
UNITED STATES MAGISTRATE JUDGE